O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| SHERRI LYNN BARTON, | ) | Case No. EDCV 12-1013-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Sherri Barton seeks judicial review of the Commissioner's final decision denying her applications for disability insurance ("DIB") and Supplemental Security Income ("SSI") benefits. For the reasons stated below, the decision of the Commissioner is REVERSED and the matter REMANDED for further proceedings consistent with this opinion.

**I.   Background**

Plaintiff was born on December 1, 1962, and was 44 years old at the time she filed her applications for benefits. (Administrative Record ("AR") at 224-35.) She has a high school education and has relevant work experience as a house cleaner and title clerk. (AR at 253, 256.) Plaintiff filed her benefits applications on May 22, 2006, alleging

disability beginning December 1, 2005, due to fibromyalgia and depression. (AR at 21, 123.)

Plaintiff's applications were denied initially on November 2, 2006 and upon reconsideration on March 2, 2007 (AR at 139-43, 149-53.) An administrative hearing was held on August 13, 2008, before Administrative Law Judge ("ALJ") Thomas J. Gaye. On September 26, 2008, the ALJ issued an unfavorable decision. (AR at 124-33.) The Appeals Council remanded the case for rehearing on May 5, 2010. (AR at 134-38.)

On March 8, 2011, ALJ Sharilyn Hopson held a second administrative hearing, at which Plaintiff testified, as did two medical experts and a vocational expert ("VE"). (AR at 33-87.) On April 7, 2011, ALJ Hopson issued an unfavorable decision. (AR at 16-27.) She found that the medical evidence established that Plaintiff suffered from the following severe impairments: "fibromyalgia that includes overactive bowel and irritable bowel syndromes, major depressive disorder, panic disorder without agoraphobia and she is overweight to obese." (AR at 27.) The ALJ determined that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) with the following exceptions:

> The claimant is able to stand/walk 6 hours in an 8 hour workday with normal breaks such as every 2 hours and sit 6 hours in an 8 hour workday with normal breaks such as every 2 hours. She can lift/carry 10 pounds frequently, 20 pounds occasionally and occasionally stoop and bend. She can climb stairs but she cannot climb ladders, work at heights or

```
        balance. She should have ready access to restroom facilities.
        She is limited to simple repetitive tasks with no public
        interaction and only non intense contact with coworkers and
        supervisors. No hypervigilance, fast paced work and she cannot
        be responsible for the safety of others.
```
(AR at 22-23.) The ALJ concluded that Plaintiff was capable of performing her past relevant work as a house cleaner and was therefore not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (AR at 27.)

On May 16, 2012, the Appeals Council denied review. (AR at 1-4.) Plaintiff then timely commenced this action for judicial review. On October 29, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) failing to properly consider, at Step Four of the sequential evaluation, whether Plaintiff was capable of performing her past work as a house cleaner as generally performed; (2) failing to properly consider the opinion of Plaintiff's treating physician; and (3) relying upon the opinion of the testifying medical expert. (Joint Stip. at 3.) Plaintiff seeks reversal of the Commissioner's denial of her applications and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stip. at 29.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 30.)

After reviewing the parties' respective contentions and the record as a whole, the Court concludes that the ALJ erred in finding, at Step Four of the sequential evaluation, that Plaintiff could perform the job of housekeeper. Accordingly, the matter shall be remanded for further proceedings consistent with this opinion.[1]

---

[1] The Court does not reach the remaining claims of error and will not decide whether these issues would independently warrant relief. The ALJ may wish to consider these other claims of error upon remand.

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

Plaintiff contends that the ALJ erred at Step Four of the sequential evaluation because she determined that Plaintiff could perform her past relevant work as generally performed. (Joint Stip. at 3.) As part of her RFC determination, the ALJ concluded that Plaintiff was limited to "no public interaction and only non intense contact with coworkers and supervisors." (AR at 22-23.) When asked to identify any

4

possible jobs that Plaintiff could perform in view of her RFC, the VE testified that Plaintiff could perform her past job of "cleaner, housekeeping" (Dictionary of Occupational Titles ("DOT") 323.687-014), as generally performed. (AR at 27, 83.) Plaintiff argues that the ALJ's determination was erroneous because the functional limitation against having any contact with the public contradicts the DOT's description of the job of "cleaner, housekeeping" as including "render[ing] personal assistance to patrons." (Id.) (Joint Stip. at 3.)

Although evidence provided by a VE is generally expected to be consistent with the DOT, "[n]either the DOT nor the VE . . . evidence automatically 'trumps' when there is a conflict." Social Security Ruling ("SSR") 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Rather, the DOT raises a rebuttable presumption as to a job classification, and "[a]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); *Massachi*, 486 F.3d at 1153 (when a conflict between a VE's testimony and the DOT arises, the ALJ must make an inquiry with the VE and then determine whether the VE's "explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]").

Here, neither the VE nor the ALJ attempted to explain or justify the apparent discrepancy between the RFC's lim\itation to no public interaction with the DOT's description of the job as requiring providing personal assistance to patrons. It is unclear from Plaintiff's testimony whether she was providing housekeeping services solely to individual home owners, who perhaps could be considered to be Plaintiff's "supervisors," thus avoiding any contact with the general public.

Alternatively, Plaintiff may have been working for a house cleaning service or for a hotel or other commercial establishment, in which case she was required to interact with the general public. Because the ALJ did not clarify the apparent discrepancy, the VE's testimony could not serve as substantial evidence supporting the ALJ's Step Four determination. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (ALJ erred in finding that the claimant could return to past relevant work based on the VE's testimony that deviated from the DOT because the ALJ "did not identify what aspect of the VE's experience warranted deviation from the DOT, and did not point to any evidence in the record other than the VE's testimony ..."); *Pardue v. Astrue*, 2011 WL 5520301 at *5 (C.D. Cal. Nov. 14, 2011)(finding inconsistency between DOT description of job of cleaner and ALJ's finding that claimant should not have contact with public).

**IV. Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED: November 8, 2012

_____
Marc L. Goldman
United States Magistrate Judge